Pearson, J.
 

 Whenever a duty is imposed by law,
 
 the performance of which concerns the public,
 
 the omission to perform it is an indictable offence. By the general law, the County Courts of the several Counties in the State, are required to see that the public highways are kept in repair, and to this end it is made their duty to appoint overseers and allot hands to the several roads, so that no public highway, whether it passes through a swamp or crosses over a mountain, can be out of repair, unless some one is liable to indictment for neglect of duty. The charter of the city of Raleigh
 
 *402
 
 relieves the County Court of Wake from the duty of seeing that the streets of the city are kept in repair, by imposing that duty upon the Commissioners. So that the suggestion that the Commissioners may, or may not, at their discretion, see that the streets of the city, which are public highways, are kept in proper repair, cannot for a moment be entertained.
 

 There is no question the^fore, that the Commissioners are liable to indictment, but the question is does the indictment now under consideration make the necessary averments, so as to show on its face that the defendants are guilty of an omission of duty according to the terms and provisions of their charter
 
 %
 

 The averments in
 
 thefi'rst
 
 count, are: on the 1st day of January, 1855, there were certain streets, known as Harrington street, &c., which streets were, on that day, and from thence hitherto, out of repair. On the said 1st day of January, 1855, the defendants were commissioners of the City of Raleigh. By an act of the Legislature, the commissioners are required to let to the lowest undertaker, on giving ten days’ notice of the same by advertisement, the necessary repairing of the streets, whereby it became the duty of the defendants so to let out the repairing of the steets; yet the defendants, from the 3rd Monday of January, 1854, to the 3rd Monday of January, 1855, did neglect and refuse to let out the repairing of the streets. This count is fatally defective in this: there is no averment of the tenure of office, or of the time for, and during which, the defendants wore appointed and bound to act as commissioners. There is an averment that they were commissioners
 
 on the first day of January,
 
 1855 ; whether that was the first or the last day of their term of service, or whether the term was a week, or a month, or a yeai', is not averred; still the duty, for the neglect of which they are indicted, requires at least
 
 ten days
 
 for its performance.
 
 State
 
 v.
 
 Commissioners of Halifax,
 
 4 Dev. R. 345.
 

 The averments in the
 
 second,
 
 count, are: on the first day of January, 1855, there were certain steets, known as Harring
 
 *403
 
 ton street, &c., which streets were, on that day and from thence hitherto, out of repair. On the said 1st day of January, 1855, the defendants were commissioners of the City of Ealeigh. By an act of the Legislature the commissioners are required, in order to raise a sufficient fund for repairing the streets, to levy a tax. In pursuance of this authority, the defendants did levy a tax on the citv property,
 
 “
 
 yet the defendants, during a long space of time, to wit, from the 3rd Monday in January, 1854, to the third Monday in January, 1855, did unlawfully and wilfully neglect and refuse to apply and expend the money raised by the taxes in repairing the streets.”
 

 Here, we meet with the same difficulty. There is an averment that the defendants were commissioners on
 
 tho. first
 
 day of January, 1855 ; but it does not appear whether that was the first or the last day of their term of service.
 

 A more grave objection to this count presents itself. The commissioners are not required by their charter, to apply and expend the money raised by taxes, towards repairing the streets in a
 
 general
 
 way, but they are required to do it in a
 
 particular
 
 way, that is, by letting out to the
 
 loioest
 
 bidder,
 
 after ten days
 
 notice, the repairing the streets, in the way and manner set out in the specifications, as set forth in the first count.
 
 State
 
 v.
 
 Justices of
 
 Lenoir, 4 Hawks 194. So this sweeping charge that the defendants did unlawfully and wilfully neglect and refuse to apply and expend the money raised by the taxes, in repairing the streets, is altogether too vague, uncertain and general for a judicial proceeding.
 

 "We concur with his Honor, that the defendants are subject to indictment; it is not at their discretion to do or not to do a thing which concerns the public; but we are satisfied that the indictment is defective in not making the necessary averments. Therefore we allow the motion in arrest of judgment.
 

 Per Curiam.
 

 Judgment arrested.